such affidavit, the court may in its discretion conduct the investigation as authorized by Section 5122.13, Revised Code, to ascertain and determine whether such affidavit constitutes a valid basis for further proceedings as detailed in the remaining sections of Chapter 5122 of the Revised Code.

Judgment reversed in part and affirmed in part.

Matthias, O'Neill and Herbert, JJ., concur.

Schneider and Brown, JJ., dissent.

38843. Vick, appellant v. Cleveland Memorial Medical Foundation et al., appellees. 

 O'Neill, Judge.

1. Where there has been a determination by the Board of Tax Appeals that property is used exclusively for a charitable purpose, and, therefore, is exempt from taxation, the county auditor has listed this property as exempt from taxation, and a taxpayer files a complaint alleging that such property is not used exclusively for a charitable purpose and should be removed from the exempt list and placed upon the list of taxable property, the burden of proof is upon the complaining taxpayer to produce sufficient evidence to substantiate his allegations that the property should lose its exemption and be placed upon the list of taxable property.

2. Where a corporation not for profit is operating a hospital for the primary purpose of providing services to those in need, without regard to race, creed, color or ability to pay, the facts that the hospital charges patients who are able to pay for its services and that a surplus has been created in the hospital fund (no part of which has been diverted to a private profit) do not change its essentially charitable nature.

Decision affirmed.

Taft, C. J., Corrigan and Brown, JJ., concur; Matthias, Herbert and Schneider, JJ., dissent. (Corrigan, J., of Eighth Appellate District sitting for Zimmerman, J.)

Announced Wednesday, March 31

38777. The State, ex rel. Bles, appellant v. Merrick, appellee. 

█ Zimmerman, Judge.

Under the provisions of Section 5122.-11, Revised Code, where an affidavit in the prescribed form alleging the mental illness of an individual is presented to the Probate Court for action, it is the duty of that court to receive and file the same, although such filing need not be made of immediate public record. Upon